IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**NATHANIEL PRUITT**                                               **PETITIONER**

**v.**                                               **No. 1:16CV199-SA-RP**

**MARSHALL FISHER, ET AL.**                                        **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Nahaniel Pruitt for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition for failure to exhaust state court remedies. The petitioner has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the State's motion will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed without prejudice for failure to exhaust state remedies.

**Exhaustion**

Under 28 U.S.C. § 2254(b)(1), a prisoner seeking *habeas corpus* relief must first exhaust state remedies. Section 2254 provides, in relevant part:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
>    (A) the applicant has exhausted the state remedies available in the courts of the State; or
>
>    (B) (i) there is an absence of available State corrective process; or
>        (ii) circumstances exist that render such process ineffective to protect the rights of the appellant
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

"A fundamental prerequisite to federal *habeas* relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A finding of

exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal habeas petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, at 518) (citations omitted).

**Facts and Procedural Posture**

Nathaniel Pruitt is in the custody of the Mississippi Department of Corrections and currently on Earned Release Supervision in central Mississippi. Pruitt pled guilty to aggravated assault in Oktibbeha County Circuit Court Cause No. 2005-189-CR and was sentenced to serve a term of seven years with five years of post-release supervision. On May 1, 2015, Pruitt's post-release supervision was revoked, and Pruitt was ordered to serve five years' incarceration. This revocation gives rise to Mr. Pruitt's current petition for a writ of *habeas corpus*.

"An order revoking a suspension of sentence or revoking probation is not appealable." *Griffin v. State,* 382 So.2d 289, 290 (Miss. 1980) (quoting *Pipkin v. State,* 292 So.2d 181, 182 (Miss. 1974)). Thus, Pruitt's new sentence under his revocation became final on the day of revocation and sentencing, May 1, 2015. Therefore, the initial deadline for Pruitt to seek federal *habeas corpus* relief became May 1, 2016. Pruitt, however, filed a motion for post-conviction collateral relief in Oktibbeha County Circuit Court Cause No. 2015-0462-CVK, which he signed on November 3, 2015. On January 5, 2016, the circuit court entered an order directing the court

reporter to prepare a transcript of Pruitt's plea hearing and revocation hearing. The docket for Cause No. 2015-0462-CVK shows that these transcripts were filed on August 16, 2016, and that this action is currently pending in the Oktibbeha County Circuit Court. Indeed, Pruitt acknowledges in his petition that his state post-conviction motion is pending.

As set forth above, Nathaniel Pruitt has the remedy of state post-conviction collateral relief available to him – and is currently pursuing that remedy in state court. As such, the instant petition for a writ of *habeas corpus* must be dismissed without prejudice for failure to exhaust state remedies. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 13th day of November, 2017.

/s/ Sharion Aycock\
**U.S. DISTRICT JUDGE**